1   David M. Bell, Bar No. 006818
    Brian L. Henry, Bar No. 019124
2   **DAVID BELL & ASSOCIATES, PLLC**
    1850 E. Thunderbird Road
3   Phoenix, Arizona  85022
    Phone:  (602) 354-0050
4   Fax:      (602) 354-9000
    Email:  info@bellazlaw.com
5
    Attorneys for Defendant
6

7                    **UNITED STATES DISTRICT COURT**
8                         **DISTRICT OF ARIZONA**
9
    Monica Adams, a single woman,          )
10                                          )  Case No. CV 10-02150-PHX-DAE
                         Plaintiff,         )
11         vs.                              )  **DEFENDANT'S RESPONSE TO**
                                            )  **PLAINTIFF'S MOTION FOR LEAVE**
12   State Farm Mutual Automobile Insurance )  **TO SUPPLEMENT RESPONSE TO**
     Company, a foreign insurance           )  **DEFENDANT'S MOTION FOR**
13   corporation,                           )  **SUMMARY JUDGMENT**
                                            )
14                       Defendant.         )  (The Honorable David A. Ezra)
    _____     )
15
16         Pursuant to this Court's Order *(Docket #89)*, Defendant State Farm Mutual Automobile
17   Insurance Company ("State Farm") responds to Plaintiff's Motion for Leave to Supplement
18   Response to Defendant's Motion for Summary Judgment ("MSJ") *(Docket #86)*.   Plaintiff's
19   attempt to supplement her MSJ Response *(Docket #62)* is not timely and Plaintiff's offered
20   Supplemental Response *(Docket #87)* offers no probative evidence to this Court's determination of
21   the merits of State Farm's MSJ.

22   **1.      Plaintiff's Supplemental Response is Not Timely**

23         State Farm filed its MSJ *(Docket #57)* on May 29, 2012.  Following the filing of the MSJ,
24   Plaintiff never requested additional time to conduct further discovery to respond to it, either
25   informally from State Farm or formally from this Court.  Rule 56(d), Fed.R.Civ.P. provides that the
26   party opposing an MSJ may file an affidavit or declaration with the court if facts or evidence are
27   not currently available to allow the party to respond to the MSJ.  If presented with a Rule 56(d)
     request, the court may deny the MSJ, defer considering the MSJ, or allow the opposing party

1   additional time to respond to the MSJ.  Here, Plaintiff did not avail herself of the relief available

2   pursuant to Rule 56(d) from the time State Farm's MSJ was filed and the three months that have

3   passed since its filing.  In *Peterson v. Scotia Prince Cruises LTD.*, 328 F.Supp.2d 119, 120 (D.

4   Maine2004), the plaintiff sought leave of the court to file a supplemental opposing statement of

5   facts after the conclusion of briefing and oral argument, citing a late deposition in the case as

6   plaintiff's reason for the need to supplement her initial statement of facts.  In denying plaintiff's

7   request to supplement her statement of facts, the court noted that Plaintiff could have sought relief

8   pursuant to Rule 56(f) but failed to do so.  "Moreover, significant parts of her supplemental

9   statement have little to do with the late deposition, and are clearly simply a late effort to do what

10  she should have done in responding to the initial summary judgment motion."  *Id.  See, THI-

11  Hawaii, Inc. v. First Commerce Fin. Corp.*, 627 F.2d 991, 994 (9th Cir.1980)(non-moving party's

12  failure to seek relief pursuant to Rule 56(f), (now Rule 56(d)), prevents that party from

13  complaining on the timing of summary judgment in the case); *see, also, Tunnel v. Wiley*, 514 F.2d

14  971, 976 (3rd Cir.1975)(when party has been given the opportunity to respond to a motion for

15  summary judgment, summary judgment is not inappropriate for the movant who has carried his

16  burden of proof).

17          While it is true that Plaintiff's expert report was not due to be disclosed until August 30,

18  2012, Plaintiff had sufficient notice of State Farm's pending MSJ and ample time to obtain her

19  expert report prior to filing her Response to the MSJ.  Further, in light of the expert disclosure

20  deadline, Plaintiff could have filed an affidavit pursuant to Rule 56(d) requesting that her Response

21  not be required until the expert disclosure deadline has passed.  Plaintiff failed to do so and

22  Plaintiff has failed to submit any type of affidavit or declaration to this Court explaining why she

23  should be allowed to supplement her MSJ Response well after the response and reply deadlines and

24  after oral argument has occurred.

25          In this instance, Plaintiff failed to seek any relief from this Court to obtain her expert report

26  so that she could better respond to State Farm's MSJ.  The August 30, 2012 expert disclosure

27  deadline does not excuse Plaintiff's failure to comply with the Federal Rules of Civil Procedure

1  when she had plenty of time to seek Rule 56(d) relief prior to the completion of briefing and

2  argument on State Farm's pending MSJ.  For this reason alone, this Court should deny Plaintiff's

3  Motion for Leave to Supplement Response to Defendant's Motion for Summary Judgment.

4  **2.      Stephen L. Strzelec's Expert Report is Inadmissible Hearsay**

5          Plaintiff has attached as "Exhibit 1" the expert report of Stephen L. Strzelec to her

6  Supplement to her Response to Defendant's Motion for Summary Judgment *(Docket #87)*.

7  Plaintiff also cites a number of conclusory statements from this report in the body of her

8  Supplemental Response.  However, Plaintiff took no steps to have Mr. Strzelec affirm his expert

9  report in any way.  Thus, Mr. Strzelec's entire expert report and any portions cited in Plaintiff's

10 Supplemental Response are hearsay.  Pursuant to Rule 801, Fed.R.Evid., hearsay is a statement,

11 other than one made by the declarant, offered as evidence to prove the truth of the matter asserted.

12 Here, Plaintiff has offered Mr. Strzelec's unsworn report and opinions as evidence that State Farm

13 committed bad faith.  Such an expert report may be exchanged through disclosure as an unsworn

14 report but to offer it as evidence in a hearing or trial requires more.  The entirety of Mr. Strzelec's

15 report and Plaintiff's references to it in her Supplemental Response should be excluded as hearsay.

16         Additionally, Mr. Strzelec's report adds nothing to the admissible evidence that has already

17 been presented to this Court by State Farm and Plaintiff.  While Rule 702, Fed.R.Evid., does allow

18 the admission of expert testimony to assist the trier of fact in understanding the evidence or

19 determining an issue, Mr. Strzelec's report is nothing but a recitation of evidence already submitted

20 to this Court with his conclusions intermixed with that recitation.  For example, here are a few

21 excerpts from Mr. Strzelec's "expert" report which represent nothing more than his own

22 conclusions based upon his review of the evidence:

23 •   State Farm did not handle the claim in a way that would fulfill these purposes; it resisted

24     the claim, forcing the insured to litigate and undergo a needless IME before paying the

25     owed policy limits.  *Report of Stephen L. Strzelec, 08/28/12, at p. 14 (attached as Exhibit 1*

26     *to Plaintiff's Supplement to Response to Defendant's Motion for Summary Judgment)*;

27 •   The 30-day time limit demand on May 26, 2010 provided extensive information

documenting the injury, medical treatment and wage loss.  If the claim handler had responded timely and given the demand proper consideration, this claim could and should have been resolved timely. *Id., at p. 15*;

- It appears clear from Short's testimony that there was not a need to put the insured through another medical exam, but rather a records review should have sufficed.  *Id., at p. 16;*

- State Farm knows that undermining UIM benefits carries the risk of increasing the insured's emotional and financial distress …  Instead, State Farm has embedded a self-serving strategic redesign initiative in its organizational culture, keeping its own insured at risk, and forcing delay and underpayment of the claim. *Id., at p. 18;*

- The claim handler requested an extension citing false reasons for the need. *Id., at p. 19;*

- State Farm let the time limit demand, after the extension, to expire (sic) without requesting a further extension. *Id.*; and

- State Farm delayed in requesting a medical exam. *Id.*

The above quotes from Mr. Strzelec's report are just a few that are too numerous to catalogue in this Response.  However, these quotes demonstrate that Mr. Strzelec does nothing to assist a trier of fact in understanding the evidence; rather, Mr. Strzelec has reviewed the evidence in this case and inserted himself as the trier of fact, reaching conclusions as to the weight and sufficiency of the evidence on ultimate issues of fact and law.  That is not the purpose of an expert's testimony under any interpretation of the Federal Rules of Evidence.  It should also be noted that Mr. Strzelec's version of the records conveniently omits certain facts, such as Plaintiff's insistence that only a neurological IME be performed after litigation commenced *(Defendant's Supplemental Statement of Facts, Docket #76, at Tab 64)* and that the time period from approximately June 28, 2010 through July 27, 2010 was necessitated because State Farm was awaiting further prior medical records from Plaintiff's counsel *(Defendant's Statement of Facts in Support of Defendant's Motion for Summary Judgment, Docket #57, ¶¶14-15)*, while criticizing State Farm for not obtaining an orthopedic IME of Plaintiff and delaying the evaluation of her claim.

**3.**      *Mr. Strzelec's Opinions are Conclusory and Improper*

As discussed above, Mr. Strzelec's report does nothing but recite facts already in evidence and then attempts to weigh the evidence and draw conclusions presented as "expert opinion." Such conclusory legal opinions are not admissible evidence. In *Lopez v. Allstate Ins. Co.,* 282 F.Supp.1095, 1104-05 (D. Ariz.2003), the court was initially critical of the form of plaintiff's expert opinion because it was submitted in letter form and not as in an admissible form such as an "affidavit, deposition or trial transcript." The court continued to criticize the substance of plaintiff's expert opinion, "[f]irst, **Cerf's letter consists primarily of legal conclusions as to the reasonableness of Allstate's actions,** *which are not proper matters for an expert opinion and are to be disregarde*d." *Id.* (Emphasis added) Likewise, in *Safeway Ins. Co., Inc. v. Botma*, 2003 WL 24100783 at ¶11 (D.Ariz., 2003), when discussing expert opinions submitted to rebut a motion for summary judgment, the court stated "[o]n the contrary, these experts opinions provide, not material evidence (or evidence of any kind for that matter), but rather mere legal conclusions based upon the evidence. These opinions have no bearing on the court's determination of whether a genuine issue of fact exists … It is for the court to determine the legal issues presented in this case, and to determine whether a material issue of fact exists." The 9th Circuit Court of Appeals has also held that conclusions about the law or evidence are not within the purview of expert opinions, "[t]hat said, 'an expert witness cannot give an opinion as to her *legal conclusion*, *i.e.* an opinion on an ultimate issue of law.' Similarly, instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." (Italics in original)(*Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir.2004)(quoting *Mukhtar v. Cal. State Univ., Hayward,* 299 F.3d 1053, 1066 at n. 10 (9th Cir.2002) and *U.S. v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir.1993)).

Finally, the Supreme Court of Arizona has also questioned the usefulness of expert testimony about the motivations and interpretation of insurance companies' actions after the fact in bad faith litigation. "The admissibility of expert testimony as to credibility and subconscious motivation is dubious. We give little weight to such speculation." *Gurule v. Illinois Mut. Life and Cas. Company*, 152 Ariz. 600, 604 at n. 4, 734 P.2d 85, 89 at n. 4 (1987). A review of Plaintiff's

Exhibit 1 to her Supplement to her Response to Defendant's MSJ will reveal, much like the examples quoted herein, that Mr. Strzelec does not offer anything other than his conclusions that State Farm and its claims personnel are self-serving liars who subjected Plaintiff to an extended UIM claims process in bad faith so that State Farm would earn more profit. Of course, it should be noted that absolutely no evidence, admissible or otherwise, has been presented by Plaintiff or Mr. Strzelec to support such assertions.

### *Conclusion*

This Court requested that State Farm respond to the proprietary of Plaintiff's Motion for Leave to Supplement Her Response and the underlying evidence that Plaintiff's Motion seeks to admit. For the reasons detailed above, Plaintiff's Motion for Leave should be denied because (a) Plaintiff failed to comply with Rule 56(d), Fed.Rules Civ. Pro., (b) the expert report offered by the proposed Supplemental Response is hearsay and (c) Mr. Strzelec's report consists of nothing more than inadmissible legal conclusions.

DATED this 18th day of September 2012.

**DAVID BELL & ASSOCIATES, PLLC**

By: /s/ David M. Bell_____
     David M. Bell
     Brian L. Henry
     Attorneys for Defendant

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on September 18, 2012, I electronically transmitted the foregoing

3  document to the Clerk's Office using the CM/ECF system for filing and transmittal of foregoing

4  document to the following CM/ECF registrants:

5                          The Honorable David A. Ezra
                        U.S. District Court for the District of Arizona
6                              401 W. Washington
7                             Phoenix, AZ   85003

8                              Stanley J. Marks
                             Richard P. Traulsen
9                             Begam & Marks, PA
10                     111 West Monroe Street, Suite 1400
                        Phoenix, AZ   85003-1787
11

12

13  /s/ Karen Schoeben

14

15

16

17

18

19

20

21

22

23

24

25

26

27